IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

**RODERICK TALLEY**                                                           **PLAINTIFF**

V.      CASE NO. 4:17-CV-00802-JLH

**CITY OF LITTLE ROCK;**
**MARK ISON, individually and in his**
**Official capacity as an employee of the**
**Little Rock Police Department; ROB BELL,**
**individually and in his Official Capacity as**
**an employee of the Little Rock Police Department;**
**LONI LICHTI, individually and in his Official**
**Capacity as an employee of the Little Rock**
**Police Department; GLANDINA HARRIS,**
**individually and in her Official capacity as an**
**employee of the Little Rock Police Department**        **DEFENDANTS**

## BRIEF IN SUPPORT OF DEFANDANT'S MOTION TO DISMISS

### Introduction

Plaintiff Roderick Talley ("Talley") asserts jurisdiction under 42 U.S.C. § 1983, which creates a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Talley's sole basis for federal jurisdiction is § 1983, alleging claims for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution by the City of Little Rock and its employees, pursuant to a search warrant executed at Talley's residence by the Defendants.

Talley names the City of Little Rock and four Little Rock Police Officers, Mark Ison, Rob Bell, Loni Lichti, and Gladina Harris ("Police Officers"), in his complaint. The lawsuit as it pertains to the Police Officers has been filed suing them both individually and in their official capacity as employees of the City of Little Rock. Lawsuits against municipal employees in their

official capacities are tantamount to a lawsuit against the municipality itself. *Rogers v. City of Little Rock, et al.,* 152 F.3d 790, 800 (8th Cir. 1998). Thus, the suit against Police Officers in their official capacity is another form of action against the City.

In an official capacity lawsuit, the Plaintiff must perfect service of process on the municipal corporation. Service of the Complaint must be on the chief executive officer for the municipality. Ark. R. Civ. P. 4(d) (7). Pursuant to Fed. R. Civ. P. 4(j) (2), Talley must serve the chief executive officer of the City of Little Rock. Talley failed to serve the Mayor or the City Manager for the City of Little Rock. City Attorney Tom Carpenter is not the agent for service of process for the City of Little Rock. This Court should dismiss Talley's Complaint as to City of Little Rock and Police Officers in accordance with Fed. R. Civ. P. 12(b) (5). The Complaint was filed on December 7, 2017, and was sent via Federal Express on or around December 13, 2018, to Tom Carpenter and the Police Officers. Therefore, based on the insufficiency of service of process of the Complaint, City of Little Rock and Police Officers moves to dismiss Talley's Complaint, under Federal Rules of Civil Procedure 4(j)(2) and 12(b) (5).

**Argument**

1. **This Court should dismiss Talley's Complaint as to City of Little Rock, et. al in accordance with Fed. R. Civ. P. 12 (b) (5) and Fed. R. Civ. P. 4(j)(2).**

This Court should dismiss Talley's Complaint pursuant to Fed. R. Civ. P. 12(b) (5). Talley names Police Officers in their official capacity, however, timely service of the Complaint was never perfected on City officials. Talley's Complaint against an employee of the City of Little Rock in their official capacity is really a suit against the City of Little Rock. *Monell v. Dep't of *1038 Social Servs.,* 436 U.S. 658, 690 (1978). As noted below, Tom Carpenter is not the agent for service of process for the City of Little Rock. Service of process on a municipal corporation shall be on the chief executive officer for the municipality. Ark. R. Civ. P. 4(d) (7). Therefore,

pursuant to Fed. R. Civ. P. 4(j)(2), Talley must serve the chief executive officer of the City of Little Rock. Talley has failed to personally serve the Mayor or the City Manager. Therefore, Defendants, City of Little Rock, et al., should be dismissed from this case pursuant to Fed. R. Civ. P. 12(b) (5). *See generally*, *Henry v. Gaines-Derden Enterprises, Inc.*, 314 Ark. 542, 546-547, 863 S.W.2d 828, 831 (Ark.1993), *Wilburn v. Keenan Companies, Inc.,* 298 Ark. 461, 768 S.W.2d 531 (1989) and *CMS Jonesboro Rehabilitation, Inc. v. Lamb,* 306 Ark. 216, 219, 812 S.W.2d 472, 474 (1991).

2. **This Court should dismiss Talley's Complaint as to all Defendant's in accordance with Fed. R. Civ. P. 12 (b) (6).**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well established that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Missouri,* 244 F.3d 623, 627 (8th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). More specifically, when the alleged facts in the complaint are taken as true, the complaint must raise more than a speculative right to relief. *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

Talley pleads violations of Fourth and Fourteenth amendments to the United States Constitution in his complaint, however fails to plead any equal protection, due process, or any

warrantless search. In fact, Talley admits in his pleadings that the search of his residence was pursuant to a warrant executed to search both the plaintiff and his residence and the actions of the alleged injuries occurred while Police Officers were acting in their official capacity by executing the warrant signed by a judge. Talley fails to plead any claims that they operated outside of the warrant or exceeded its scope. Therefore, any alleged cause of action against any of the Defendants in their individual capacities, he has failed to state a claim sufficiently in which can be granted.

## Conclusion

For the reasons set forth above, Talley's Complaint should be dismissed against Defendants City of Little Rock, et al with prejudice. In the alternative, this case should be dismissed until a point in time in which proper service of the complaint can be perfected on all Defendants and the Plaintiff is able to plead a claim upon which relief can be granted and not mere speculation of entitled relief.

Respectfully submitted,

Thomas M. Carpenter
City Attorney

By: /s/ Caleb Garcia
Caleb Garcia (Bar No. 2013113)
Deputy City Attorney
Office of the City Attorney
500 West Markham, Suite 310
Little Rock, Arkansas 72201
(501) 371-6867
cgarcia@littlerock.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent notification of such filing to Roderick Talley via at rodtalleythebarber@gmail.com and by United States Postal Service to 3610 E. Maryland Ave, #2011, Sherwood, AR 72120.

/s/ Caleb Garcia

Caleb Garcia