FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 18 2018

# IN THE UNITED STATES DISTRICT COURT

JAMES W. McCORMACK, CLERK

# FOR THE EASTERN DISTRICT OF ARKANSAS

By: _____ DEP CLERK

| | | |
|---|---|---|
| <u>Roderick Greer Talley</u> | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | **Civil Action No.** <u>4:17-CV-00802-JLH</u> |
| **V** | ) | |
| | ) | |
| | ) | |
| <u>City of Little Rock et al</u> | ) | |
| **Defendant** | ) | |

## AMENDED COMPLAINT

## INTRODUCTION

    1.     This is a civil rights action for an unlawful arrest, unlawful search and seizure, and malicious prosecution, from perjured statements from Defendants by submitting false affidavits that resulted from the City of Little Rock's failure to supervise the widespread misuse of confidential informants in the Little Rock Police Department. Plaintiff Roderick Talley was arrested on August 10, 2017, after Defendants Bell, Ison, Lichti and a confidential informant on the date of August 3, 2017 staged a fake drug buy from the residence of Plaintiff Roderick Talley. Defendants Bell, Ison, and Lichti knew that the confidential informant had not purchased drugs from the Plaintiff. Defendant Ison using the false information submitted in the probable

cause affidavit to Judge Hugh Finklestein led to a no knock search warrant being signed by
Judge Hugh Finklestein on August 4, 2017 and executed on August 10, 2017.

2.      Defendants Bell, Ison, and Lichti conduct was a result of the City of Little Rock's
systemic failure to supervise the use of confidential informants within its police department. The
Little Rock Police Department allowed police officers in the Little Rock Police Department
Street Narcotics Detail," to use informants who along with Defendants Bell, Ison, and Lichti
were falsifying information on probable cause affidavits to get search warrants on residents of
Little Rock. Officers in the Little Rock Police Department Street Narcotics Detail were led to
believe that this conduct was acceptable because the ends justified the means. The City has a
policy or custom of tolerating violations of people's constitutional rights in order to obtain
convictions. As a result of the City of Little Rock's policies and customs, Mr. Talley was
arrested, charged, and held in custody for charges he would not have been charged with without
the falsifying of sworn statements made by Defendant Ison and cooperated by Defendants Bell
and Lichti in a probable cause affidavit which will be submitted as evidence.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and
Fourteenth Amendments to the U.S. Constitution. Title 28 U.S.C. §1331 and §1343 provide
federal question jurisdiction over all federal claims, and 28 U.S.C. §1367 provides supplemental
jurisdiction over state law claims.

4.      Venue is proper in this Court in that the acts and omissions which give rise to this
action occurred within Pulaski County and within three years of the filing of the original
complaint.

## THE PARTIES

5.      Plaintiff Roderick Talley is a citizen of the United States and a resident of Pulaski
County, State of Arkansas He brings this action individually as a citizen for his personal
damages.

6.     Defendant, City of Little Rock is a duly organized municipal corporation of the State of Arkansas, which includes a Police Department operating at 700 W. Markham Street, Little Rock, Arkansas 72201.

7.     Defendant Kenton Buckner at all times alleged in this Complaint was the Chief of the LRPD and had the power, right, and duty to control the manner in which Defendants Bell, Ison, Harris, and Lichti carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the City of Little Rock Police Department were consistent with the Constitution and the laws of the municipality. At all times alleged in this Complaint, Defendant Buckner was acting within the course and scope of his employment and acting under the color of law. Defendant Harris also is personally and individually liable for Plaintiffs' damages as alleged herein.

8.     Defendant, Gladina Harris was a police officer with the LRPD. At all times alleged in this Complaint, Defendant Harris was acting within the course and scope of her employment and acting under the color of law. Defendant Harris also is personally and individually liable for Plaintiffs' damages as alleged herein.

9.     Defendant Robert Bell was a detective with the LRPD. At all times alleged in this Complaint, Defendant Bell was acting within the course and scope of his employment and acting under the color of law. Defendant Bell also is personally and individually liable for Plaintiffs' damages as alleged herein.

10.    Defendant Mark Ison was a detective with the LRPD. At all times alleged in this Complaint, Defendant Ison was acting within the course and scope of his employment and acting under the color of law. Defendant Ison also is personally and individually liable for Plaintiffs' damages as alleged herein.

11.    Defendant Loni Lichti was a detective with the LRPD. At all times alleged in this Complaint, Defendant Lichti was acting within the course and scope of her employment and acting under the color of law. Defendant Lichti also is personally and individually liable for Plaintiffs' damages as alleged herein.

12.    Plaintiff is unaware of the true names and capacities of the Defendants named herein as DOES 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this complaint to allege true names and capacities of said Defendants when the same are ascertained. Plaintiffs are informed and believe

and thereon allege that each of the aforesaid factiously named Defendants are responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants. Defendants DOES 1-20 are also personally and individually liable for Plaintiffs' damages as alleged herein.

13.    Defendant City is being sued as a result of Defendants Buckner, Bell, Ison, Harris, Lichti, and Defendants Doe 1-20 actions within the course and scope of its authority, as caused by and/or ratified by the entity.

14.    Defendants Bell, Ison, Harris, and Lichti are being sued in his/her individual and official capacity.

## **FACTUAL BACKGROUND/GENERAL ALLEGATIONS**

15.    According to the affidavit submitted by Defendant Ison and cooperated with Defendants Bell and Litchi. Defendant Harris informed Defendants that there had been complaints of narcotic activity to the management at the residence of the Plaintiff.

16.    After speaking with Manager Maria Roy of the apartment complex Pleasant Ridge Apartments on August 4, 2017 I was informed there had not been any complaints about any drug activity from my residence. After showing her the surveillance video from my doorbell she told me that I needed to be careful because it seems as if officers are trying to set me up. Plaintiff was informed by Maria Roy that she was asked by police to evict him.

17.    On August 3rd, 2017, Plaintiffs surveillance system doorbell camera alerted him of the presence of an individual walking past his apartment door.

18.    The individual not known at the time but now known as the confidential informant or cooperating individual ("CI") according to the affidavit. The (CI) knocked on the Plaintiffs door. The knocks went unanswered due to the fact that the Plaintiff lives alone with his dog and was not home.

19.    While watching the live video of the (CI) knocking on the door from my phone the Plaintiff also shared the video with his coworkers as it was streaming live.

20.    Upon the (CI) knocking and getting no answer he walks away from the door and meets with an officer in the breezeway whom you can hear him talking to in the video.

21.     The (CI) leaves from speaking with the officer and proceeds to put something in his pocket and leaving by walking by the Plaintiffs door and leaving the complex.

22.     According to affidavits which are sworn testimony officers Bell, Ison, and Lichti gave statements that they observed their (CI) buy $100.00 worth of cocaine from the Plaintiff with five twenty dollar bills supplied by Little Rock Police Department. Defendants also stated the cocaine was field tested and received a positive reaction. Surveillance video shows no contact was ever made with the Plaintiff and (CI) or Defendants on August 3, 2017.

23.     Defendant Ison stated in the affidavit the (CI) had provided information to the Little Rock Police Department Street Narcotics Detail (LRPDSND) pertaining to illicit narcotics trafficking in the Little Rock, Pulaski County area on at least five (5) occasions that has led to numerous felony arrests. That statement alone brings into question prior arrest made by Defendants and other officers of the Little Rock Police Department Street Narcotics Detail based on video and audio surveillance which captured Defendants doing the total opposite of their sworn affidavit.

24.     On August 4th, 2017, while at work the Plaintiff received another notification from his security system doorbell camera someone was outside his apartment.

25.     Plaintiff immediately opened the live stream from the doorbell camera and noticed an individual dressed in blue uniform clothing with knee pads, a police patch and officer belt.

26.     The officer walked by the Plaintiffs door into the breezeway (the same breezeway that the (CI) had met with an officer the day before) before turning around to take pictures of the Plaintiffs' door.

27.     The officer then walks back by the Plaintiffs door and takes more pictures as he is walking back towards the parking lot. A no knock search warrant was signed that same day by a judge based on the false statements given by Defendants Bell, Ison, and Lichti.

28.     As Plaintiff was watching the video live he also shared it with his coworkers.

29.     After sharing the video with coworkers Plaintiff immediately left work and drove to the front office of the apartment complex where he resided to report what was going on to the manager of the complex Maria Roy.

30.     After reporting the situation to management the Plaintiff returned back to work.

31.   The days following the (CI) and police activity at the Plaintiffs residence the Plaintiff did not return home until August 10th, 2017 at about 4:20am.

32.   On August 10th, 2017 at 6:22 am Plaintiff was awaken by a very loud explosion, and his front door landing on top of him while sleeping on the couch, and assault rifles pointed at him and his dog being told if he moved he would be shot.

33.   Over 20 officers then proceeded to enter the residence of the Plaintiff one saying to the Plaintiff you're not so tough now are you?  You little bitch. Where's your gun? The statement was in reference to a mistaken police report made by an officer at a time prior to police raiding the Plaintiffs apartment. Defendant Ison can be heard on camera referring to that incident.

34.   Officer Ison then proceeded to enter with two other officers along with officer assisted dog (K9) to search the Plaintiffs residence.

35.   Officers also viewed the surveillance video from inside the home of the video recorded inside the home from an interior camera that started recording slightly before their entry into the residence. They then recorded the video with their personal phones and even laughed at my screams of fear from a situation that could have cost me life. Surveillance captured this also.

36.   The officers found over one thousand dollars on the Plaintiff. Officers found what was thought to be marijuana in the apartment although no field test was done and arrested the Plaintiff and had him transported to Pulaski County Regional Detention Facility. No cocaine or cocaine residue, or contraband was found anywhere in the apartment or vehicle. Although the search warrant stated Cocaine existed and was given due to the probable cause affidavit.

37.   Before Plaintiff was transported to Pulaski County Regional Detention Facility and after the completion of their search of my home and vehicle. I asked officers would they count my money that they took out of my pocket. They counted it and placed the money in an envelope and placed it in the Plaintiffs freezer which inside surveillance recorded. I also informed officers that I had recorded all of their activity prior to them entering my residence.

38.   Plaintiff was shocked and scared when he was arrested. He was not involved in any cocaine dealing. Although he was innocent, Plaintiff feared that he would be convicted of drug trafficking because the drugs were found in his car. He thought it was likely that the set-up would work. He felt fated to serve a long prison term for a crime he did not commit. He worried that he would not see his children. This caused him to start drinking more alcohol. He believed

that this was his last chance to live without constraint before going to prison. He felt that he would be convicted, imprisoned and labeled as a drug dealer for the rest of his life.

39.     Plaintiff was held for several hours then given a court date August 15, 2017 and released from incarceration and returned home.

40.     Upon returning home the Little Rock Police were called again by the staff at the front office of the apartment complex because of concerns with the Plaintiff about the events that transpired earlier that day. The same officer that transported the plaintiff to Pulaski County Regional Detention Facility arrived on the scene and informed staff and manager Maria Roy that they could not deny Plaintiff entry into his residence.

41.     Plaintiff was eventually allowed entry into his residence which Plaintiff immediately packed his things to move although he was on lease until August 31st, 2017.

42.     Immediately following the Plaintiffs admittance into his home and after packing he traveled to the Little Rock District Court to get copies of the probable cause affidavit and search warrant. After having to wait weeks to get a copy of the Plaintiffs probable cause affidavit and search warrant Plaintiff finally received the requested information and compared the search warrant and probable cause information to surveillance video and contacted attorney and former Judge Willard Proctor.

43.     The Plaintiff filed a Freedom of Information Request to get copies of probable cause affidavits and search warrants served by the officers involved in the complaint. Plaintiff noticed a pattern on over twenty probable cause affidavits that allowed Defendants Ison, Bell, and Lichti to get no knock search warrants signed by the same judge using the same false information and informant.

44.     Defendant Ison's probable cause affidavit was a fabrication designed to justify his illegal search, seizure, and arrest of the Plaintiff. In writing the probable cause affidavit, Defendant Ison included many knowingly false statements and omitted material facts to give a false impression about the circumstances surrounding the need for a search warrant.

45.     At the time of the Plaintiffs arrest, (CI) had worked as a confidential informant for members of the Little Rock Police Department on over (5) occasions. On August 2017, (CI) worked primarily as a confidential informant for Defendants Ison, Bell, and Lichti.

46.     Defendant Ison knowingly filed a false probable cause affidavit to hide his illegal conduct and the illegal conduct of his informant, in framing the Plaintiff for drug trafficking.

47.     Little Rock Police Department Street Narcotics Detail officers like Defendants Ison, Bell, and Lichti investigate violations of narcotics laws. They typically work in civilian clothing and frequently work with confidential informants. Members of (LRPDSND) typically work together in teams.

48.     Defendant Ison had been a detective in the (LRPDSND) for over three (3) years at the time of Plaintiff's arrest.

49.     Defendant Bell had been a detective in the (LRPDSND) for over three (3) years at the time of Plaintiff's arrest

50.     Defendant Lichti had been a detective in the (LRPDSND) for over three (3) years at the time of Plaintiff's arrest.

51.     Plaintiff returned back to court to enter a plea on August 21, 2017. Plaintiff entered a plea of not guilty and requested a probable cause hearing. A probable cause hearing was scheduled for August 25, 2017 and a trial hearing on November. Plaintiffs' attorney motioned for a continuance. The date of October 20, 2017 was given for the probable cause hearing.

52.     On October 20, 2017, the probable cause hearing was canceled due to the criminal charges against the Plaintiff were dismissed when the District Attorney's office filed a nolle prosequi stating that the case should be dismissed.

53.     Defendants Ison, Bell, Lichti and other (LRPDSND) police officers have led (CI) to believe that fabricating evidence on suspects was a skill that (LRPDSND) police officers valued. (CI) considers their skill at cooperating with fabricating statements and drug buys along with officers as evidence to be valuable to police officers.

54.     Plaintiff suffered emotionally as a result of being charged with a serious crime that he did not commit. He was handcuffed and held in custody on arrest. For months now, the Plaintiff has had false charges hanging over him. Although nolle prosequi a year has to pass before the Plaintiff can have the arrest and charges sealed on this record which is more money that has to be spent by the Plaintiff. He feared that additional false charges would be brought. He felt helpless and hopeless, knowing that he had been set up but expecting that no one would believe him. He feared he would be convicted. Whatever the outcome, he had been publically branded as a drug trafficker.

55.     Plaintiff did not pose an immediate threat of harm that could not be controlled through less extreme measures.

56.     Defendants use of force was not necessary to affect an arrest or capture, or to present the escape of a person officers knew or had reasonable grounds to believe had committed or attempted to commit a crime involving the use or threatened use of deadly force.

57.     Defendants acted with reckless or callous disregard of or indifference to Plaintiff's rights and safety

58.     As a result of Defendants' conduct, Plaintiff has incurred and continues to incur, legal expenses and fees.

## CLAIMS

## COUNT I- 42 U.S.C. § 1983 (UNREASONABLE/EXCESSIVE FORCE)

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

59.     Plaintiff realleges the allegations contained in all prior paragraphs and includes in this count as though fully restated herein.

60.     Defendants Bell, Ison, Harris, and Lichti, acting under color of law, deprived Plaintiff of the rights, privileges, and immunities secured by the Constitution and laws of the United States by subjecting him to excessive force under the Fourth Amendment, in violation of 42 U.S.C. §1983 and the Fourth Amendment to the United States. Particularly:

(a) Defendants no knock entry and restraint of Plaintiff was unreasonable under the circumstances because Plaintiff was obviously unarmed, had committed no crime, should not of been suspected of any crime, and not threatening the safety of the officers;

(b) Defendants were successful and Plaintiff suffered great pain with both temporary and permanent injuries, and emotional distress.

61.     As a direct and proximate result of the use of excessive force, Plaintiff sustained serious injuries and suffered the damages described herein, and incurred litigation cost and attorney's fees. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants.

## COUNT II - 42 U.S.C. § 1983 VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

62.     Plaintiff realleges the allegations contained in all prior paragraphs and includes in this count as though fully restated herein.

63.     In committing the acts complained of herein, the Defendants acted jointly and under color of state law to deprive Plaintiff of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution including but not limited to:

(a) Freedom from unreasonable seizure;

(b) The right to be free from unreasonable searches;

(c) Freedom from the use of unreasonable, unjustified and excessive force;

(d) Freedom from deprivation of liberty and property without due process of law;

(e) Freedom from summary punishment;

(f) Freedom from the prevention of officers from using excessive force; and

(g) Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

64.     In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unreasonable seizure of Plaintiff and utilized unnecessary, unjustified, unreasonable and excessive force.

65.     Defendant Ison, Bell, Harris, and Lichti knowingly and deliberately conspired to deprive Plaintiff of his civil rights.

66.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Amended Complaint and is entitled to relief under 42 U.S.C. §1983.

## COUNT III - VIOLATION OF ARKANSAS CIVIL RIGHTS ACT

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

67.     Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

68.     The above-described use of force by the City of Little Rock and the members of the Little Rock Police Department was a violation of Arkansas Civil Rights Act as codified at Ark. Stat. Ann. § 16-123-105, based on the protections of the Arkansas State Constitution and other applicable rights and protections under Arkansas law.

69.     The violation of the constitutional rights included, but are not limited to:

   (a) Article 12 §15 of the Arkansas Constitution prohibiting unreasonable

   (b) searches and seizures;

   (c) The fundamental right to privacy is implicit in the Arkansas

   (d) Constitution, Article 2 §2, 8, 15, 21, 29;

   (e) The denial of liberty and pursuit of happiness, Article 2 §2;

   (f) The rights to freedom of assembly and association, Article 2 §4;

   (g) Freedom of Speech, Article 2 §6;

   (h) Imposition of cruel or unusual punishment, Article 2 §9;

   (i) Unreasonable detention, Article 2 §9;

   (j) For the remedy set-forth in Article 2 §13; and

   (k) Unreasonable searches and seizures, Article 2 § 15-16.

70.     As a direct and proximate result of the violation of their constitutional rights by the Defendants Bell, Ison, Lichti, and Harris Plaintiff suffered general and special damages as alleged in this Amended Complaint and is entitled to relief under the Arkansas Civil Rights Act.

71.     The actions of Defendant Bell, Ison, Harris, and Lichti on this count were sufficiently egregious such as to justify punitive damages against them individually and Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants.

## COUNT IV - 42 U.S.C. § 1983 FAILURE TO SUPERVISE

(Plaintiff against Defendants City of Little Rock and Buckner)

72.     Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

73.     The City of Little Rock is located in Pulaski County, Arkansas.

74.     Defendant City of Little Rock operates in conjunction with Pulaski County Sheriff's Department under an unofficial mutual aid agreement whereby officers from the respective departments jointly participate in law enforcement activities in the City of Little Rock.

75.     Therefore, it is the custom, policy and procedure of the City of Little Rock and the Pulaski County Sheriff's Department under this official or unofficial mutual aid agreement to engage in joint law enforcement activities and therefore, are under a constitutional duty to ensure that all the officers, including Defendants Buckner, Bell, Ison, Harris, and Lichti act in a manner so as to preserve the constitutional rights of citizens of Pulaski County.

76.     Defendant City of Little Rock is under a constitutional duty to properly train, supervise and discipline members of its own department and to ensure that policing activities are run in a lawful manner, preserving to the citizens of Little Rock the rights, privileges and amenities guaranteed them by the Constitution of the United States and the State of Arkansas and the laws of the United States of America and the State of Arkansas.

77.     Defendant City of Little Rock failed in its constitutional duty by permitting, encouraging, tolerating and knowingly acquiescing to an official pattern, practice or custom of its police officers, including Defendants Bell, Ison, Harris, and Lichti violating the constitutional rights of the public at large, including Plaintiff.

78.     The actions of Defendants Bell, Ison, Harris, and Lichti complained of herein were unjustified, unreasonable, unconstitutional, excessive and grossly disproportionate to the seizure effectuated through the use of excessive force and unreasonable force and the deprivation of Plaintiffs due process protections in violation of the rights secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

79.     Defendant City of Little Rock had a duty to supervise and prevent the other officers at the scene from violating Plaintiffs constitutional rights.

80.     Defendant City of Little Rock is directly liable for the violation of Plaintiffs constitutional rights due to the following policies, practices or customs which were in effect at

the time of this incident and which were the moving force behind the violation of Plaintiff's constitutional rights.

(a) Defendant City of Little Rock failed to adequately and properly train and educate its officers with respect to procedures to employ when interacting with citizens, including stops, seizures, detentions and arrests, the property use of force creating an atmosphere where illegal and unconstitutional behavior is tolerated and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

(b) Defendant City of Little Rock failed to properly supervise and discipline its officers with respect to the violations of the Constitution and laws of the State of Arkansas, the Constitution of the United States, and their own policies regarding the use of force, the use of false affidavits , creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted in deliberate indifference and reckless disregard to the public at large, including Plaintiff.

(c) Defendant City of Little Rock failed to adequately monitor and evaluate the performance of its officers and their compliance with the laws and policies, practice and customs with respect to the use of force with deliberate indifference and reckless disregard to the public at large, including Plaintiff.

(d) Defendant City of Little Rock failed to adequately respond to and investigate complaints regarding officer misconduct by the Plaintiff, including, but not limited to complaints regarding the falsified affidavits, detention, arrest, use of force. Thus creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved, and deliberate indifference and reckless disregard to the rights of the public at large, including Plaintiff.

(e) Defendant City of Little Rock has a policy, practice, or custom exonerating officers regarding complaints of misconduct including but not limited to, stop, detention, arrests, the use of force, and creating an atmosphere where illegal and unconstitutional behavior is condoned, tolerated or approved in deliberate indifference and reckless disregard to the rights of the public at large, including Plaintiff.

(f) Defendant City of Little Rock has a policy, practice or custom of allowing its officers to use excessive and/or unreasonable force without fear of discipline creating an atmosphere

which such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the welfare of the public at large, including Plaintiff.

(e) Defendant City of Little Rock negligence of the conduct of its officers is well documented in court records obtained through the freedom of information act in which the Plaintiff exercised his right to obtain.

81.     Defendant City of Little Rock is liable for the actions of Defendants Bell, Ison, Harris, and Lichti by virtue of the fact that it was informed of improper conduct of Defendants Ison, Bell, Harris, and Lichti and failed to discipline them, evidencing that the conduct of Defendants Ison, Bell, Harris, and Lichti at the time of the events described herein was in conformity with existing policies, practices, and customs of Defendant City of Little Rock, and that it ratified the unlawful acts of Defendants Bell, Ison, Harris and Lichti.

82.     Accordingly, Defendant City of Little Rock ratified, condoned and approved Defendants Buckner, Ison, Bell, Harris, and Lichti conduct in all respects.

83.     Under currently existing law, Defendant City of Little Rock is liable for constitutional violations committed by Defendants Buckner, Bell, Ison, Harris, and Lichti under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondents superior, joint venture, contract and as a result of its non-delegable duty to provide officers to comply with the Constitution and laws of the United States and the State of Arkansas.

84.     As a direct and proximate result of the foregoing policies, practices and customs, Defendant City of Little Rock is responsible for the violations of the constitutional rights by the Defendants which were substantially certain to occur and were the moving force behind the violation of Plaintiff's constitutional rights. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants.

## COUNT V - 42 U.S.C. § 1983 CLAIM PUBLIC ENTITY LIABILITY VIOLATION OF SECTION 1983 AGAINST THE CITY OF LITTLE ROCK

(Plaintiff against City of Little Rock)

85.     Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

86.     The City and its decision makers, acting under color of law and with deliberate indifference, gross negligence, and reckless disregard for the safety, security and constitutional

and statutory rights of Plaintiff, as well as others similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied the following policies, practices, or customs and usages:

> (a) Failure to implement protocols and train officers in the proper way to contain, treat and secure individuals such as Plaintiff who present no threat to the officers at the time of engagement.

87.     The City of Little Rock  actions under color of law deprived Plaintiff of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, violating 42 U.S.C. §1983.

88.     As a direct and proximate result of this conduct by" the City of Little Rock, Plaintiff sustained serious personal injuries and suffered the damages outlined herein, as well as incurring litigation costs fees. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT VI - 42 U.S.C. § 1983 BATTERY

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

89.     Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

90.     Defendants committed battery against Plaintiff by using unjustified force.

91.     The actions of Defendant were outrageous and objectively unreasonable.

92.     Defendants, and each of theirs, conduct was a substantial factor in causing Plaintiffs' harm.

93.     The actions of Defendants caused Plaintiff physical and emotional injury. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT VII - 42 U.S.C. § 1983 CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

94.    Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

95.    Defendants Bell, Ison, Harris, and Lichti acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert to deprive Plaintiff of his constitutional rights, including his rights to due process and to a fair trial, all as described in the various paragraphs of this Amended Complaint.

96.    Additionally, before and after Plaintiffs trial, the Defendant Officers further conspired to deprive Plaintiff of exculpatory information to which he was lawfully entitled and which would have led either to his not being charged, his acquittal, or his more timely exoneration.

97.    In this manner, the Defendant Officers, acting in concert with other unknown coconspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

98.    In furtherance of the conspiracy, each of the co- conspirators engaged in and facilitated numerous overt acts, including but not limited to those set forth above - such as, withholding exculpatory evidence, coercing false statements, and was an otherwise willful participant in joint activity.

99.    As a direct and proximate result of the illicit prior agreement and actions in furtherance of the conspiracy referenced above, Plaintiffs rights were violated, and he suffered injuries, including but not limited to loss of liberty, physical sickness, and emotional distress.

100.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and deliberate indifference to Plaintiffs rights. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT VIII - TORT OF MALICIOUS PROSECUTION

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

101.    Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

102.    Defendant Ison caused criminal proceedings to be instituted against the Plaintiff without probable cause and with malice as defined by state tort law. The proceedings terminated October 20, 2017 in Plaintiff's favor.

103.    Defendant Bell caused criminal proceedings to be instituted against the Plaintiff without probable cause and with malice as defined by state tort law. The proceedings terminated October 20, 2017 in Plaintiff's favor.

104.    Defendant Lichti caused criminal proceedings to be instituted against the Plaintiff without probable cause and with malice as defined by state tort law. The proceedings terminated October 20, 2017 in Plaintiff's favor.

105.    Defendant Ison statements regarding Plaintiffs alleged culpability were made with knowledge that said statements were false and perjured, withholding of exculpatory evidence that would have demonstrated Plaintiffs absolute innocence.

106.    Defendant Bell statements regarding Plaintiffs alleged culpability were made with knowledge that said statements were false and perjured, withholding of exculpatory evidence that would have demonstrated Plaintiffs absolute innocence.

107.    Defendant Lichti statements regarding Plaintiffs alleged culpability were made with knowledge that said statements were false and perjured, withholding of exculpatory evidence that would have demonstrated Plaintiffs absolute innocence.

108.    The Defendants were aware that, as described more fully above, no true or reliable evidence implicated Plaintiff in the sale of narcotics to any individual let alone their (CI).

109.    The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

110.    As a direct and proximate result of this misconduct, Plaintiff sustained, and continues to sustain, injuries as set forth above, including physical sickness and emotional distress. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT IX - 42 U.S.C. § 1983 FAILURE TO INTERVENE

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

111. Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

112. After the false and staged narcotics buy, the Defendants, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert to obtain a no knock search warrant against the Plaintiff even through there was no evidence direct or indirectly linking plaintiff. Additionally, before, during, and after Plaintiffs trial, the Defendant Officers continued Not to Intervene thus depriving Plaintiff; which would have led either to his not being charged, his acquittal, or his more timely exoneration

113.    In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiffs constitutional rights, even though they had the opportunity to do so.

114.    As a direct and proximate result of the Defendants' failure to intervene to prevent the violation of Plaintiffs constitutional rights, Plaintiff suffered injuries, including but not limited to loss of liberty, physical harm, and emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so. The Defendants knowingly submitting a false affidavit to the judge and case file to the district attorney's office with false information involving the plaintiff.

115.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiffs clearly established constitutional rights. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT X - 42 U.S.C. § 1983 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

116.    Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

117.    The acts and conduct of the Defendants as set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority, and they

were undertaken with intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

118.   As a direct and proximate result of the Defendants actions, Plaintiff suffered and continues to suffer physical sickness and severe emotional distress. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT XI - 42 U.S.C. § 1983 CIVIL CONSPIRACY

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

119.   Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

120.   As described more fully in the preceding paragraphs, the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

121.   In furtherance of the conspiracy, the Defendant Officers committed overt acts and were otherwise willful participants in joint activity including but not limited to the malicious prosecution of Plaintiff and the intentional infliction of emotional distress upon him.

122.   The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

123.   As a direct and proximate result of the Defendants' conspiracy, Plaintiff suffered damages, including physical sickness and severe emotional distress, is more fully alleged above. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT XII - 42 U.S.C. § 1983 INDEMNIFICATION

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

124.   Plaintiff realleges the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

125.    Arkansas law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

126.    The Defendants are or where employees of the city of Little Rock, who acted within the scope of their employment in committing the misconduct described herein. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants.

## COUNT XIII - 42 U.S.C. § 1983 UNLAWFUL DETENTION

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

127.    Plaintiff realleges and incorporates by reference all of the allegations above as though fully incorporated herein.

128.    The acts and omissions of the Defendants as described herein, and the wrongful and unlawful detention and/or arrest of Plaintiff, violated his rights under the laws and the Constitution of the United States including but not limited to his right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

129.    As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

130.    As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

131.    Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants

## COUNT XIV - 42 U.S.C. § 1983 NEGLIGENCE

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

132.    Plaintiff realleges and incorporates by reference all of the allegations above as though fully incorporated herein.

133.    Defendants owed a duty of care towards Plaintiff and were required to use reasonable diligence to ensure Plaintiff's safety while in their custody and control. Defendants' actions and omissions were negligent and reckless, including but not limited to:

      a.  The failure to properly assess the need to use force against Plaintiff;

      b.  The negligent tactics and handling of Plaintiff;

      c.  The failure to properly train, supervise and discipline employees, including

      d.  the individual Defendants;

      e.  The negligent hiring, retention and assignment of City employees, including

      f.  the individual Defendants;

134.    As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

135.    Defendant City of Little Rock is vicariously liable for the wrongful conduct of its employees.

136.    Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants.

## COUNT XV - 42 U.S.C. § 1983 Violation of Civil Rights (Monell Claim)

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

137.    Plaintiff realleges and incorporates by reference all of the allegations above as though fully incorporated herein.

138.     Defendants, City of Little Rock, Buckner, Harris, Bell, Ison, Lichti, Does 1through 20 in his/her official capacity knowingly, with grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the state and/or federal constitutional or statutory rights of person, grossly negligently with reckless disregard to state or federal constitutional and/or statutory rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff pursuant to the principals set for the in *Monell v. New York City Dept. of Social Services*.

139.     As a proximate result of the foregoing wrongful acts of Defendants, and each of them, the Plaintiff sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages.

## COUNT XVI - 42 U.S.C. § 1983 (FALSE IMPRISONMENT/ARREST)

(Plaintiff against Defendants Buckner, Bell, Ison, Harris, Lichti, City of Little Rock and Does 1 through 20)

140.     Defendants falsely arrested and imprisoned Plaintiff without justification or probable cause.

141.     Plaintiff was unwillingly detained, held at gunpoint.

142.     Defendants gained entry into Plaintiffs residence through false statements in a sworn and submitted probable cause affidavit. Defendant's false statements made to obtain the search warrant make all evidence found at Plaintiffs residence inadmissible and any arrest unjust.

143.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek compensatory and punitive damages against the Defendants.

**WHEREFORE,** Plaintiff requests that this Court:

    1. Award compensatory damages;

    2. Award punitive damages against Defendants City, Buckner, Ison, Bell, Lichti, and

Harris

    3. Award the costs of this action, including reasonable attorneys' fees; and,

    4. Award such other further relief as this Court may deem necessary and appropriate.

## JURY TRIAL

    Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


_____
                               Plaintiff

   5/18/2018
                      Date


Sworn to and subscribed before Me

this _____ day of _____,


_____,
                          Notary Public